**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JONATHAN LEE OLCOTT,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )    Case No. 09-CV-742-CVE-PJC |
| | ) |
| **EMMA WATTS, Warden,** | ) |
| | ) |
|       **Respondent.** | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Jonathan Lee Olcott, a state inmate appearing pro se. Respondent filed a response (Dkt. # 7) and provided the state court records (Dkt. ## 7, 10, and 11) necessary for adjudication of Petitioner's claims. Petitioner did not file a reply to Respondent's response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

Around 10:00 p.m., on July 21, 2007, Enoch Mickey Tartsah walked to a nearby convenience store, located on Harvard Avenue in Tulsa County, to buy beer. He was accompanied by his two sons and two nephews, all teenagers. As they left the convenience store to return home, Tartsah attempted to cross Harvard. He did not make it. He was struck and killed by a car driven by Petitioner, Jonathan Olcott. Petitioner had been drinking. He failed the field sobriety tests given by Tulsa Police officers at the scene. A Breathalyzer test measured Petitioner's alcohol level at 0.10 grams. His blood alcohol measured 0.09 grams per 100 milliliters of blood.

Based on those events, Petitioner was charged in Tulsa County District Court, Case No. CF-2007-4053, with First Degree Manslaughter (Count I), Driving Under the Influence of Alcohol

(Count II), and Driving Under Suspension (Count III). Petitioner was tried by a jury. All four teenaged boys were eyewitnesses and testified for the State. At the conclusion of a jury trial, Petitioner was found guilty as charged. On July 17, 2008, Petitioner was formally sentenced in accordance with the jury's recommendation to eight (8) years imprisonment and a fine of $5,000 on Count I, and fined $500 on Count III. The trial judge determined that Count II merged with Count I and, as a result, dismissed Count II. Petitioner was represented at trial by attorney Paula Keck Moore.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Stuart Southerland. Petitioner raised the following propositions of error:

> Proposition 1: Taken together, the admission of photographs of the deceased violated the Oklahoma Rules of Evidence and served to deny Appellant the right to a fair trial in violation of the Fourteenth Amendment to the United States Constitution.
>
> Proposition 2: The prosecutor's attempts to garner sympathy for the children amounted to misconduct, which served to deny Appellant the right to a fair trial in violation of the Fourteenth Amendment to the United States Constitution.

(Dkt. # 7, Ex. 1). On September 10, 2009, in Case No. F-2008-710, the OCCA entered its unpublished summary opinion affirming Petitioner's Judgment and Sentence. See Dkt. # 7, Ex. 3.

Petitioner commenced the instant habeas corpus action by filing his petition on November 19, 2009. See Dkt. # 1. He identifies two (2) grounds of error, as follows:

> Ground 1: The prosecutor's attempts to garner sympathy for the children during the trial denies 14th Amendment rights. In closing argument, the prosecutor stated he wanted justice and encouraged jurors to sympathize with the victim's family.
>
> Ground 2: Excessive photographs admitted over counsel's objection [as] cumulative and excessive. Also cause of death was not an issue.

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).  See Dkt. # 7.

*ANALYSIS*

**A. Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies.  The Court agrees.  Petitioner presented his habeas claims to the OCCA on direct appeal.

The Court also finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S.

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated grounds 1 and 2 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

### 1. Prosecutorial misconduct (ground 1)

As his first ground of error, Petitioner argues that he was denied his right to a fair trial as a result of prosecutorial misconduct. See Dkt. # 1. In support of this claim, Petitioner argues that, during closing argument, the prosecutor impermissibly attempted to garner sympathy for the children of the victim. Id. On direct appeal, the OCCA found that "the prosecutor did not engage in improper argument." See Dkt. # 7, Ex. 3. In footnote 3 of its opinion, the OCCA noted that:

> Olcott appears to complain that the trial court allowed all four teenage eyewitnesses to testify, but admits that decision was not an abuse of discretion. The prosecutor's argument regarding nightmares was in response to the defense closing argument, did not improperly encourage jurors to sympathize with the victim's family, and does not constitute even a subtle appeal for sympathy.

(Dkt. # 7, Ex. 3 at n.3).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir.

1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

In his habeas petition (Dkt. # 1), Petitioner complains that, during closing argument, the prosecutor improperly attempted to garner sympathy for the victim's children. He cites to his direct appeal brief for factual support. On direct appeal, appellate counsel argued that allowing all four (4) teenagers to testify, especially concerning their opinion as to the speed of Petitioner's vehicle, was cumulative and prejudicial to Petitioner. See Dkt. # 7, Ex. 1. However, recognizing that allowing the children to testify was not reversible error, appellate counsel proceeded to argue, see Dkt. # 7, Ex. 1, that the prosecutor "stepped over the line" when he stated, during his final closing argument, as follows:

> The last thing I want you to think about, ladies and gentlemen, and [defense counsel] brought it up, not me: Living with nightmares. [S.T.], [M.T.;], five feet from their dad. Seven feet from their dad. Hit. Thrown. Dragged. Who's living with nightmares? Think about that when you think about punishment. Think about that.

See Dkt. # 11-4, Tr. Trans. at 475. When viewed in light of the evidence presented at trial, the Court finds that the referenced comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. The prosecutor's comments were responsive to defense counsel's comments, made while discussing punishment during closing argument, that "[t]his is a man that will punish himself for the rest of his life, that will live with the nightmares of what happened that night." Id. at 471. When a prosecutor responds to comments made by defense counsel, the response is evaluated in light of the defense argument that preceded it. See Darden v. Wainwright, 477 U.S. 168, 179 (1986); United States v. Young, 470 U.S. 1, 12-13 (1985) ("if the prosecutor's remarks were 'invited,' and did no more than respond substantially in order to

5

'right the scale,' such comments would not warrant reversing a conviction"). Ultimately, a reviewing court "must consider the probable effect the prosecutor's [statements] would have on the jury's ability to judge the evidence fairly." Young, 470 U.S. at 12. In this case, the prosecutor's comments concerning nightmares were invited by defense counsel's preceding comments. The Court agrees with the OCCA that the prosecutor's comments were not improper and did not rise to the level of a due process violation. Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

**2. Improper admission of photographs of the victim**

As his second ground of error, Petitioner asserts that the trial court improperly admitted an excessive number of photographs taken of the deceased victim at the scene of the accident. See Dkt. # 1. In rejecting this claim on direct appeal, the OCCA cited Browning v. State, 134 P.3d 816, 838 (Okla. Crim. App. 2006), and found that "the trial court did not abuse its discretion in admitting photographs of the victim taken at the scene of the crime." See Dkt. # 7, Ex. 3. In footnote 2 of its opinion, the OCCA further explained its ruling as follows:

> Photographs of the victim may be relevant to show the nature, extent and location of wounds, to show the crime scene, or to corroborate witness testimony. *Dodd v. State*, 2004 OK CR 31, 100 P.3d 1017, 1038; *Livingston v. State*, 1995 OK CR 68, 907 P.2d 1088, 1094. The issue is not whether photographs are gruesome, but whether they are so unnecessarily hideous that they will produce an unfair jury response. *Livingston*, 907 P.2d at 1094. Gruesome photographs may be inadmissible where they are duplicative and their repetition may inflame the jury, they are not relied on by other witnesses, or they do not show the cause of death, and invite an unreasoned response. *Livingston*, 907 P.2d at 1094. These extremely unpleasant photographs reflect precisely the cause of death and the severe injuries Tartsah suffered when Olcott's car hit him. The paramedic used the photographs to describe the injuries he observed and which contributed to his decision to pronounce Tartsah

6

> dead. The record does not support Olcott's claim that the photographs contributed improperly to the jury's sentencing recommendation.

(Dkt. # 7, Ex. 3 at n.2).

For purposes of this habeas action, the admission of the photographs is reviewed only to determine whether Petitioner's trial proceedings were rendered fundamentally unfair. Spears v. Mullin, 343 F.3d 1215, 1225-26 (10th Cir. 2003) (when reviewing habeas petitioner's challenge to admission of photographic evidence, court considers whether the admission of evidence so infected proceedings with unfairness as to render jury's verdict a denial of due process); Smallwood, 191 F.3d at 1275 ("The essence of our inquiry [on federal habeas review] under the Fifth, Sixth, and Eighth Amendments, as applied to the states under the Fourteenth Amendment, is whether the admission of the photographs rendered the proceedings fundamentally unfair."). The fundamental fairness analysis is approached "with 'considerable self-restraint.'" Id. (quoting Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998)). "Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." Id. (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

Although Petitioner argues that the number of photographs of the victim was excessive and, therefore, prejudicial, the Court disagrees. Only four (4) photographs of the victim were admitted. The first showed the victim's full body, the second was a closeup of his head, the third was a closeup of his abdominal area, and the fourth was a closeup of his legs. See Dkt. # 11-4, Tr. Trans. at 292; Dkt. ## 7-5, 7-6, 7-7. The photographs were probative of the manner of death and corroborated the testimony of the paramedic who declared the victim dead at the scene. Petitioner's trial was not rendered fundamentally unfair as a result of the admission of the challenged photographs. Furthermore, Petitioner fails to explain how the OCCA's resolution of the issue was an unreasonable

application of Supreme Court law. Petitioner is not entitled to habeas relief on his second ground of error. See 28 U.S.C. § 2254(d).

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. #1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**. The Clerk shall send a copy of this Opinion and Order to the Tenth Circuit Court of Appeals as it relates to Tenth Circuit Case No. 12-5180.

DATED THIS 30th day of October, 2012.

*(signature)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE